UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SONIA RODRIGUEZ,
        Plaintiff,     :

    v.

NATIONAL ENTERPRISE SYSTEMS INC.;     :     Civil Action No.:
BROOK;
MARY;
MARLENE W,
        Defendants.     :

## COMPLAINT

**A.   Jurisdiction and Venue**

1. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.   Parties**

3. Plaintiff Sonia Rodriguez is a natural person who resides at 3232 Adams Ct. N., Bensalem, PA.

4. Defendant NATIONAL ENTERPRISE SYSTEMS INC. ["NES"] is a corporation with principal offices at 29125 Solon Road, Solon Ohio 44139. NES regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5. Defendant Brook is a natural person employed by Defendant NES as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Mary is a natural person employed by Defendant NES as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Marlene W. is a natural person employed by Defendant NES as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

C.  **Factual Allegations**

**The Debt**

8. Prior to the events hereinafter described, plaintiff's 25 year old daughter, Elizabeth Rodriguez, had taken a loan on or about 2003 to pay for tuition at the Art Institute of Philadelphia co-signed for by her mother, plaintiff Sonia Rodriguez, and her sister, Johanna Rodriguez [hereinafter "the Debt"].

9. The Debt is a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a guaranteed student loan in the approximate amount of $7,000.00.

10. Sometime prior to Plaintiff and her family receiving the collection activity described hereinafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff and her family.

**Collection of the Debt**

11. On or about April 16, 2009, plaintiff's daughter Elizabeth received at the family home a phone call from defendant Brook in which Brook stated the following:

    a. That she was calling from the District Attorney's office;

    b. That she was calling about the debt;

    c. That her mother's wages would be taken to pay the debt;

    d. That a sergeant was coming to serve her with papers;

    e. That "I know you have a record";

12. Elizabeth Rodriguez informed Brook that she was not working.

13. Elizabeth Rodriguez inquired of Brook whether a payment plan was available to them to repay the debt.

14. Brook advised Elizabeth Rodriguez that such a plan was not available to her or plaintiff and demanded a lump sum payment of the debt.

15. On or about April 17, 2009, defendant Mary called plaintiff at 9:05 AM at her place of work, GMAC Mortgage in Ft. Washington, Pennsylvania.

16. Defendant Mary first spoke to plaintiff's manager who advised plaintiff, "You have an awkward phone call".

17. Defendant Mary advised plaintiff of her name and that she was calling from administration legal department.

18. Defendant Mary did not reveal that Defendant NES was her employer.

19. Defendant Mary advised plaintiff of the following during a one (1) hour phone conversation:

    a. That she was calling regarding a specific case number;

    b. That Bucks County was serving legal papers upon her at her place of employment regarding the debt at 11:00 AM;

    c. That legal papers were being served by the sheriff on her daughter Elizabeth at the family home by 9:00 AM and that "the sheriff is on his way as we speak";

    d. That they would garnish up to 25% of her wages to pay the debt;

    e. That she was "looking" at her daughter's "record";

    f. That her daughter would go to jail a long time because this was a federal matter because a federal student loan was involved;

    g. That to stop the legal process, she would have to agree to pay $1,200 by 10:45 AM that morning;

    h. That she knew plaintiff had a $200 balance on a credit card to help pay the $1,200 demanded;

    i. That plaintiff must deposit in her bank the sum of $5,620 by 3 PM that day;

    j. That she must pay the balance owed of $2,600 by April 30, 2009;

    k. That if she missed any payments described above her daughter would go to jail.

20. After the aforesaid phone call, plaintiff left her place of work in a panic and immediately began to collect the funds demanded by defendants.

21. Plaintiff gained her daughter Johanna's permission to borrow $3,000 against her grandchild's trust fund.

22. Plaintiff requested a loan from her brother to pay the remainder of funds demanded by defendants.

23. On or about April 17, 2009, NES called plaintiff's daughter regarding the debt leaving a message on the home phone which stated:

> Message for a Elizabeth Rodriguez contact administration this morning Friday April 17 immediately ma'am regards to your Bucks county filing under case 5931814 district of

PA, legal service designates return call immediately for case number 5931814, direct number to contact ma'am, 800-882-9325, extension 1603, we are authorized to service your call and accept information from you as late as 10 AM, that's eastern standard time please.

24. The phone messages referencing a case number, use of the term "legal", and references to Buck County on the debt led plaintiff to believe she was being contacted by government legal authorities.

25. In fact, NES nor any other party had sued plaintiff or any other obligor on the debt at the time of the aforementioned phone calls.

26. On or about April 18, 2009, plaintiff received a letter from NES concerning the debt (see attached as Ex. "A" and referred to hereinafter as "the collection letter").

27. On or about April 23, 2009 at around 1:30 PM, Marlene W from NES called plaintiff's place of work stating she was calling from the police department and that plaintiff needed to be notified of a family emergency immediately.

28. The Security department at plaintiff's place of work called her from a meeting to answer Marlene's phone call.

29. When plaintiff answered the aforesaid call, Marlene stated:

   a. She was a Federal District Attorney from the State of Pennsylvania;

   b. That plaintiff was in violation of a federal law because a check payable to Federal Bucks County authority was returned for non-sufficient funds.

30. Plaintiff has suffered severe emotional distress, anxiety, and embarrassment as a result of defendants' harassing and abusive conduct particularly due the aforesaid conduct having been directed to plaintiff's place of work when she is the only member of the household working

due to her husband having congestive heart failure

31.     At all times relevant hereto, defendant NES acted by and through its agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

32.     At no time did Defendants ever discuss with Plaintiff or her daughter Elizabeth their personal expenses, or economic circumstances, in attempting to determining a reasonable and affordable monthly payment amount to rehabilitate this student loan, and as required by the FFEL, 34 C.F.R. § 682.405.

33.     At all times Defendants were disrespectful in their communications to Plaintiff and her family.

34.     Defendants' refusal to allow Plaintiff to enter into a rehabilitation program pursuant to the FFEL, specifically, 34 C.F.R. § 682.405 et seq., without Plaintiff first agreeing to pay a lump sum without documentation of the debt was a false and deceptive act in violation of the FFEL and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

35.     Defendants' illegal demand for a lump sum payment was an arbitrary payment demand which did not take into account Plaintiff's income, expenses, and economic circumstances as required under the FFEL in determining a "reasonable and affordable" monthly repayment amount.

36.     The Defendants' failure to obtain documentation of Plaintiff's current income, expenses, and other economic circumstances in determining an agreed upon reasonable and affordable minimum monthly repayment amount was a false and deceptive collection practice, as

well as unfair to the Plaintiff, and done in violation of numerous and multiple provisions of the FDCPA including but not to limited to 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

37.     Upon information and belief, defendant has been the subject of over three hundred (300) Better Business Bureau complaints in the state of Ohio.

**D.    Cause of Action**

### COUNT I – Violations of the FDCPA

38.     The allegations above are re-alleged and incorporated herein by reference.

39.     At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40.     Defendants, by their conduct as described above, violated the FDCPA as follows:

a) §1692 b(1), Contacted third parties and failed to state that collector is confirming or correcting location information;

b) §1692 b(2), Contacted third parties and Stated that the consumer owes any debt;

c) §1692 b(3), Contacted third parties more than once, after being requested not to do so

d) §1692c(b), Contacted third parties other than consumer, consumer's attorney, or credit bureau concerning the debt;

e) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person;

f) §1692g, Failure to send the consumer a 30-day validation notice within five days of the initial communication

g) §1692d(5), Engage a person in telephone conversations repeatedly;

    h) §1692e(5) Threatened to take an action that is not intended to be taken;

    i) §1692e(10) and e(2) used false representation or deceptive means to collect a debt and misled plaintiff as to the alleged legal status of the debt by misrepresenting plaintiff was named in a lawsuit

## COUNT II - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION and PUBLIC DISCLOSURE OF PRIVATE FACTS

41. The allegations above are re-alleged and incorporated herein by reference.

42. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff by disrupting her work and involving non-debtor third parties in notice of and collection of a debt.

43. Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

44. Plaintiff had a reasonable expectation of privacy in Plaintiff's respective solitude, seclusion, and or private concerns or affairs.

45. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

46. The actions of defendants as before described were reckless, outrageous, willful, and wanton, thereby justifying the imposition of punitive damages.

47. As a result of such invasions of privacy, Plaintiff is entitled to actual and punitive damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA.

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Actual damages;

D. Punitive damages;

E. Reasonable attorney fees and costs.

**TRIAL BY JURY**

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: May 12, 2009

RC935
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

/s/ Matthew Weisberg
PROCHNIAK WEISBERG, P.C.
Matthew Weisberg, Esquire
Pa. Id. No. 85570
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801

## VERIFICATION OF COMPLAINT

I, Sonia Rodriguez, hereby verify that I am a Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief.

I believe that this civil Complaint is not filed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

_____
Sonia Rodriguez

Dated: